Filed 9/24/14  P. v. Watson CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039914 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS130018) |
| v. | |
| ERIC MICHAEL WATSON, | |
| Defendant and Appellant. | |

In this appeal defendant Eric Watson challenges only a probation condition related to the possession of alcohol, intoxicants, and controlled substances.  We will modify the condition as suggested by both defendant and the People, and otherwise affirm the judgment.

## Background

On June 4, 2013, defendant entered a negotiated plea of no contest to the sole charge in a criminal complaint, possession of heroin (Health & Saf. Code, § 11350, subd. (a).) One week later, the court suspended imposition of sentence, ordered drug treatment, and placed defendant on probation for 18 months, pursuant to Penal Code section 1210 et seq.  Among the conditions of probation was the following:  "Not use or possess alcohol, intoxicants, or controlled substances without the prescription of a physician; not traffic in, or associate with persons you know use, or traffic in[,] controlled substances."[1]

---

[1] The version cited by the People is the one listed in the probation officer's recommendations, which includes the admonition not to associate with persons "you

*Discussion*

The parties agree that in order to avoid unconstitutional vagueness, the probation condition pertaining to alcohol, intoxicants, and controlled substances should contain an element of knowledge, so that defendant could not be found in violation unless he knew the prohibited nature of the substance he was using or possessing. The parties further agree on the essential language of the condition. The suggested change is appropriate. (Cf. *In re Sheena K.* (2007) 40 Cal.4th 875, 890 [probation condition must be sufficiently precise to withstand vagueness challenge]; but see *People v. Rodriguez* (2013) 222 Cal. App. 4th 578, 593 [knowledge element implicit in controlled substances statute, is "reasonably implicit" in probation condition prohibiting possession].) We therefore modify the condition as follows: "Not use or possess substances known by you to be alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician; not traffic in, or associate with persons you know to use or traffic in, narcotics or other controlled substances."

*Disposition*

The judgment is modified to reflect the following amendment of probation condition No. 8: ""Not use or possess substances known by you to be alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician; not traffic in, or associate with persons you know to use or traffic in, narcotics or other controlled substances." As so modified, the judgment is affirmed.

---

know, or have reason to know, use, or traffic in controlled substances." We have quoted the version from the order signed by the sentencing judge.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.



_____

PREMO, J.